Mickey Ray Taylor Jr. TDCJ# 02367588          July 16, 2026

V.

Eric Guerrero

JUL 20 2026 AM9:33
FILED - USDC - NDTX - AM

2:26-cv-155

_Habeas Corpus Transfer of Second Cause NO 7:24-CV-071-DC from WDTX Midland, TX Pursuant TO 28 USCS §§ 2241 (d) and 2254 Housekeeping Omnibus For: Complete Transfer of Cause; The Previously Filed Motions In Said Cause As Relevant Including: Emergency Motion For Expedited Disposition; Bail Motions (If Necessary): Proper Summary Judgement With Actual Innocence Finding With Requisite Constitutional Grounds For Relief; If Necessary, the The Rule 60 Motion, and the Motion to Supplement and Attach Cause 7:26-CV-086 TO The 7:24-CV-071 habeas cause_

1) Petitioner has recently moved to disqualify and recuse the District Judge in the above cited habeas cause numbers as well as to the 7:24-CV-059 habeas cause along with the parallell §1983 actions 7:20-CV-128 (that goes along with the 059 habeas caus) and 7:22-CV-086 (that goes with the above cited in the title)      Both 1983 actions have settled

2) The Motions for disqualification and recusal mailed out 7/7/26 to Midland, TX Federal Court Setting forth the clear extensive prejudice and bias against me in all habeas Causes without ever being able to appeal or have a merits determination When the original 2254's have been filed Since February 2024 - 2½ Years.

1 of 3

3) These causes have been ripe for Summary disposition for 2 years now, in my favor, as a matter of law, from the intentional way the Texas A.G. answered under Habeas Rule 4 and 5. Requesting the Court Take Judicial Notice of the certain and direct lack of providing any portion of the State court record Served upon me with it's answer to my original petitions, that is also with the claim of actual innocence within - that was coupled with dozens of Constitutional grounds raised. Had the State truly begun to ever deny any of the claims I raised in the 054 and 071 petitions, they would have had to comply with the Mandatory language of the Rule, Statute, and Caselaw that any true denial is to be Supported by Serving the portion of the State Court record on the petitioner with it's answer when the answer is ordered by the Court under Habeas Rule 5.

4) Rodriguez v. Fla. Dep't of Corr 748 F.3d 1073 (11th Cir 2014); Sixta v. Thaler 615 F.3d 569 (5th Cir 2010); Fed. R. Civ. P. 10(c) "Rule 5 necessarily implies that Service of the answer on the petitioner or his attorney is a procedural requirement" R5 Advisory Committee's Notes 1976 Adoption' U.S. v. Vonn 535 US 55 (2002) Rodriguez at 1076 "Exhibits to pleading answer must also be served regardless of whether they were filed at the Same time" at 1077 Showing the WDTX Courts clearly erroneous - contrary to actual law - abuse of discretion and that I was Correct So long ago that there is no genuine dispute of any Material fact and I am and have been entitled to such relief as a matter of law, Fed R Civ P 56(a), 7, 10(c); Thompson v. Greene 427 F.3d 263 4th Cir 2005

5) Given the original district court is without jurisdiction in this instant cause due to its clear bias, prejudice, and due process violation in refusing to properly administer any legitimate timely merits determination for justice and for so long now under any threshold, be it by: the ABA, Supreme Court holdings (older or newer), the Canons of Judicial Conduct, or Constitutional due process.

6) "In federal courts generally, when an individual judge is disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and allows the normal administrative process of the court to assign the case to another judge not disqualified" U.S. V. Will 449 U.S. 200 (1980) at 212. The concurrent jurisdiction under § 2241 (d), when the district court in the district of conviction and sentence has shown a potential for bias and prejudice" (let alone intentional, clear, consistent, culpable prejudice and due process violation) "where a habeas petition is filed in 1 of the 2 permissible venues .. the statute § 2241 (d) still provides for the option of transfer" Hertz & Liebman, Federal Habeas Corpus Practice & Procedure § 10.2 7th ed 2025 as follows:" .. When such an application is filed .. and in furtherance of justice .. transfer the application to the other district court for hearing and determination" Eagle V. Linahan 279 F.3d 926 (11th cir 2001) "§ 2241 (d) also authorizing these courts to transfer such cases from one to the other" Fink V. Payne US Dist Lexis 144434 Ark,DC.

7) Respectfully Requesting Transfer To This Court & Relief As Appropriate

Date July 16, 2026          Signed _____

Mikel Taylor #02367588
Jordan Unit
1992 Helton rd
Pampa, TX

RECEIVED

JUL 20 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Court
Clerks office
205 S.E. 5th Ave
Amurillo, Texas 79101

Legal



PRIVILEGED OFFENDER MAIL
NOT REVIEWED BY TDCJ
FOR MAILROOM OF CRIMINAL
JUSTICE CORRECTIONS DIVISION